## Samuel Hunter, for use of Heilman Bros., Appellant, *v.* D. P. Trout.

*Contract—Province of court and jury—Question for jury.*

Whether a bid for work submitted in writing was accepted as a contract or whether it was but a step culminating in a later oral contract, and whether there was or was not any extra work, and whether the plaintiff has or has not been paid in full, are purely questions of fact for the jury. Under such testimony tending to prove above circumstances it was impossible for the court below to hold as a matter of law that the paper offered in evidence by the plaintiff contained the contract.

Argued May 9, 1898.  Appeal, No. 36, April T., 1898, by Heilman Bros., from judgment of C. P. Armstrong Co., June T., 1896, No. 205, on verdict for defendant.  Before Rice, P. J., Wickham, Reeder, Orlady, Smith and Porter, JJ.  Affirmed.

Assumpsit.  Before Rayburn, P. J.

It appears from the evidence that this suit was brought on a contract for work done.  The evidence disclosed a dispute as to what was the contract and what amount was due under it, the difference between the amount claimed by the plaintiff and the amount already paid under what defendant alleged to be the contract being $394.82.  The jury found a verdict for defendant.  Plaintiff appealed.

*Errors assigned* among others were (1) in refusing the plaintiff's first point, which point is as follows: " 1. The undisputed evidence being that Samuel Hunter, the plaintiff, presented to the defendant a written proposition of the work which he proposed to do, together with a plan showing the exterior work. That this proposition and plan were received by the defendant and retained by him until after the completion of the work. That Samuel Hunter was employed by the defendant to make certain alterations and improvements in and about his residence, of the kind and character stated in the proposition.  The jury are therefore instructed, that the covenants to be performed by Samuel Hunter were reduced to writing, and cannot be altered or changed, except it be shown that there was fraud, accident

or mistake." (2) In its answer to the plaintiff's second point, which point and answer are as follows: "2. That there is no evidence in the case that there is in the written proposition submitted, any fraud, accident or mistake, and the defendant is bound by the written proposition. *Answer:* That point is refused. We say to you gentlemen, in this case it is for you to say which of these parties is telling the truth as to what the contract was. Now, if the contract was as Samuel Hunter says it was, and this work is extra, he is entitled to recover for the extra work; but if the contract is as Dr. Trout and Mrs. Trout say, then they are not entitled to recover, because they testify that there was no extra work, that the contract was for $750 for doing the work as it stands upon the house now." (3) In its answer to the plaintiffs' fourth point, which point and answer are as follows: "4. If the jury find that the exterior walls of the house as shown in Exhibit 'C' disclose no evidence of a crack or break in the wall in the front of the house, that this photograph was taken in the fall of 1896, at least a year after the completion of the work, it is evidence that the plaintiff delivered to the defendant the house completed according to contract, and the jury may consider this as evidence on the part of the plaintiff going to contradict the defendant's testimony relative to the careless or negligent execution of the contract. In answer to that we say: You take the photograph that is offered in evidence, and also the evidence on the part of the defendant as to the manner in which the work was done, and the condition of the house." (5) In answer to plaintiff's sixth point, which point and answer are as follows: "6. Contracts may be part in writing and part in parol, and may also be gathered from different and detached written instruments. In the present case the covenants undertaken by the plaintiff are found reduced to writing in the proposition marked Exhibit 'B.' That the allegation by the defendant of the existence of another or different draft without attempting by evidence to reproduce the same or satisfactorily account for its absence, is not sufficient to overthrow the draft shown in evidence and marked Exhibit 'B.' *Answer:* That point is refused. You have this draft in evidence, and you have the evidence of Dr. Trout as to the existence of another draft." (6) In answer to plaintiff's seventh point, which point and an-

swer are as follows : " 7. The defendant having received the proposition in writing made by Samuel Hunter, and signed by him, together with the draft marked Exhibit ' B ' and having subsequently allowed the plaintiff to perform the work mentioned in the proposition, cannot now repudiate the same as the, contract binding upon the plaintiff and the defendant, although not signed by the defendant. *Answer :* That point is refused. But if you find that that contract, or alleged contract, that was offered here in evidence was the contract, between the parties,· then the plaintiff would be entitled to recover." (7, 8) Alleging error in the charge in that it was inadequate.

*M. F. Leason,* for appellant.—The assignments of error are to the charge of the court and the answers to points. The burden of our complaint is, that the charge including the answers to points is inadequate and in violation of the decisions of the Supreme Court. The effect of the charge and the answer to plaintiff's points were such as to destroy an opportunity for a· fair and impartial examination of the evidence by the jury.

The charge was not a fair and adequate presentation of the questions at issue before the jury : Fullam v. Rose, 160 Pa. 47 ; Tietz v. Traction Co., 169 Pa. 516 ; Richards v. Willard, 176 Pa. 181.

A party is entitled to a distinct and responsive answer to his points, if they are properly drawn, present questions that fairly arise, and can be answered by a simple affirmance or refusal : Sommer v. Gilmore, 160 Pa. 129.

The answer to the fourth point is not responsive.

*J. W. King* and *W. D. Patton,* for appellee.—The paper alleged to be the contract by the plaintiff has none of the earmarks of a contract; it is only signed by one of the parties ; it has no date ; it fixes no time when work was to commence or end ; it names no consideration ; it contains no words that would import contractual workmanship. Even according to the plaintiff's own statement it did not contain all of the contract. Unless there is a meeting of minds there is no contract : Clark on Contracts, 36 ; Slaymaker v. Irwin, 4 Wharton, 368, 380.

It is not required that every item of evidence should be rehearsed by the judge : Borham v. Davis, 146 Pa. 72.

OPINION BY PORTER, J., October 10, 1898:

The plaintiff agreed to make certain alterations and repairs to the house of the defendant. For these he admits he was paid in full. He, however, claims that he was directed by the defendant to do certain extra work outside of his contract. For this he sues to recover compensation. He alleges that he made a proposition in writing and signed by him, covering the proposed work to be done; that this was retained by the defendant and thus became the original undertaking or contract and that the items now claimed to be extra work were not included in the writing.

The defendant denies that the writing was the contract and that it was ever signed or accepted by him. He asserts that the contract between him and the plaintiff was made subsequent to the submission of the paper and was wholly oral; that the plaintiff specifically refused to put it in writing; that it differed in terms from the plaintiff's paper; that it required work to be done substantially as it was attempted to be done by the plaintiff and for which he was paid in full, and that therefore there was no extra work save only a small item which was paid for by the defendant and for which he took a receipt from the plaintiff in full. The defendant further asserts that the plaintiff admitted that he had received payment in full for his work and in this, as well as in most of his claims, the defendant's testimony is supported by that of his wife.

This outline of the controversy shows it to be one of fact. In the face of the testimony submitted it was impossible for the court below to hold as a matter of law that the paper offered in evidence by the plaintiff contained the contract of the parties. Furthermore the writing itself lacks many of the characteristics of a formal contract. It is signed by but one of the parties; it is without date; it recites no consideration; it contains no words indicative of contractual relation; it fixes no time for performance and on the plaintiff's own testimony it does not contain all of the terms agreed upon. On these facts we find no substantial error in the answers to the points of charge. To have affirmed them as requested would have taken from the jury the question of fact as to whether the contract between the parties was as contended for by the plaintiff or by the defendant. The answer to the fourth point, to which this

remark may not be applied, was however substantially an affirmance of the point.

The appellant claims that the general charge was inadequate. A critical review of all of the testimony in the case has not resulted in convincing us that the claim has foundation. The charge taken as a whole presents the matters to the jury for their decision with reasonable fullness and accuracy. It is urged that the trial judge erred in too prominently calling the attention of the jury to the fact that the testimony of the plaintiff was in direct conflict with that of the defendant and of the defendant's wife. There was no inaccuracy of statement in what was said by the learned judge to the jury in this connection and taken with the other portions of the charge we can find no error committed which should lead us to reverse the judgment entered by the court below.

Judgment affirmed.